## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

GULF COAST
PHARMACEUTICALS PLUS, LLC;
and PRIMARY
PHARMACEUTICALS, INC.                                    **PLAINTIFFS**

**v.**                                             **CAUSE NO. 1:24cv80-LG-RPM**

RFT CONSULTING, INC.;
BRANDON REICH; RICHMONT
CAPITAL LLC; LBR
MANAGEMENT GROUP LLC; TG
PRESERVATION SPECIALISTS,
CORPORATION; GONZALO
CARRANZA; RYAN WOLF;
WASATCH RX LLC; SAFE CHAIN
SOLUTIONS LLC; HUTCHESON
HOMECARE PHARMACY,
INC.; XYZ PHARMACY 1-5; and
JOHN AND JANE DOES 1-5                                   **DEFENDANTS**

## ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS' FEES

**BEFORE THE COURT** is the [35] Motion to Remand filed by Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC and Primary Pharmaceuticals, Inc.  Plaintiffs' Motion seeks remand pursuant to a forum selection contract as well as attorneys' fees for frivolous removal.  Defendants respond that the forum selection clause did not waive their right of removal.  Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Plaintiffs' Motion should be granted in part and denied in part.

– 1 –

## BACKGROUND

Plaintiffs filed this lawsuit in the Circuit Court of Harrison County, Mississippi, Second Judicial District on January 10, 2024, asserting state law claims.  According to Plaintiffs, Defendants breached their Employment and Independent Contractor Agreements, developed a scheme to embezzle and defraud Plaintiffs, and misappropriated funds rightfully due to Plaintiffs.  Plaintiffs' claim the damages of lost profits alone exceed $8,000,000.  [1-1 ¶26].  Defendants removed the case to this Court.  Defendants premised removal on 28 U.S.C. § 1332, as Defendants and Plaintiffs had complete diversity and the amount in controversy exceeds $75,000.

On April 11, 2024, Plaintiffs filed a Motion to Remand.  The Motion asserts that the contracts between Defendants and Plaintiffs, upon which Plaintiffs' claims are based contain a mandatory forum selection clause.  The Motion asserts the mandatory forum selection clause confines venue for these claims to the state courts of Harrison County, Mississippi.  Consequently, Defendants may not remove the action to federal court, nor may they consent to removal.  Plaintiffs also argue that the waivers of removal by some Defendants prohibit removal of the entire action under the Rule of Unanimity.  Plaintiffs maintain not only that remand is appropriate but that removal was frivolous.  They seek costs and attorneys' fees.

On April 25, 2024, Defendants jointly responded that they object to the remand because none of the contracts Plaintiffs rely upon vest exclusive venue in the state courts of Harrison County, Mississippi.  Defendants contend that a plain

reading of the forum selection clause means any state or federal court in Harrison County, Mississippi, is the proper venue.  Moreover, Defendants look to the "Governing Law" paragraph in the contracts, where parties consent to conduct litigation in "the appropriate federal district court located in Mississippi,". [35-1 ¶16; 35-2 ¶17; 35-3 ¶17].  Defendants argue that even if the Governing Law paragraphs do not control this disposition, Defendants did not waive their right to removal because the contract language is not a clear and unequivocal waiver of removal.

Plaintiffs filed a reply to Defendants' joint response on May 8, 2024.  [52]. Plaintiffs contend that at least four defendants waived their right to remove because the contracts expressly "waiv[ed] all possible objections" to the choice of venue in Harrison County, Mississippi.  [35-2 ¶11; 35-3 ¶11].  Plaintiffs look to Fifth Circuit precedent that the clause containing a waiver of objection to venue also prevents the right to remove.  Therefore, because the mandatory forum selection clause is enforceable and there are no extraordinary circumstances that favor removal, Plaintiffs maintain that Defendants cannot object to Plaintiffs' choice of venue in the State Circuit Court of Harrison County, Mississippi.

## DISCUSSION

"Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court."  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1441(a)). But "[f]ederal subject matter jurisdiction is limited and must be conferred by

Congress within the bounds of the Constitution." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 802 (5th Cir. 2011) (citations omitted).  The burden of establishing federal jurisdiction is on the removing party.  *Id.* at 802; *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255 (1984).  Under the Rule of Unanimity, the defendants must be unanimous in removal, and "a single defendant's waiver of its removal rights is enough to defeat removal." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nev., L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017) (citation omitted).

A party has the statutory right of removal, but "[a] party to a contract may waive a right of removal provided the provision of the contract makes clear that the other party to the contract has the right to choose the forum in which any dispute will be heard." *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) (internal quotations and citation omitted); *Dynamic CRM Recruiting Solutions, L.L.C. v. UMA Educ., Inc.*, 31 F.4th 914, 917 (5th Cir. 2022); 28 U.S.C. § 1441(a).  The waiver of removal rights need not "include explicit words, such as waiver of right of removal." *Dynamic*, 31 F.4th at 917 (citation and internal quotations omitted).  However, the contractual clause "must give a clear and unequivocal waiver of that [removal] right." *City of New Orleans v. Mun.  Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (citations and internal quotations omitted).  "A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing an exclusive venue within the contract." *Id.*  Neither party disputes the enforceability of the

forum selection clause.  The only issues before this Court are 1) whether the forum selection clause mandates venue in a state court, and 2) whether Defendants waiver of all objections to venue in Harrison County, Mississippi, impedes removal.

The forum selection clause provides:

> **11. <u>Remedies and Forum</u>.**  This Agreement shall be interpreted, construed and governed according to the laws of the State of Mississippi, and venue shall only be proper in Harrison County, Mississippi. ***The parties consent to personal jurisdiction and venue solely within these forums and waive all possible objections thereto.*** The prevailing party shall be entitled to recover its costs and attorney's fees from the non-prevailing party in any such proceeding.  Contractor waives any defense to enforcement of the provisions of this Agreement by injunction or otherwise based on claims Contractor has or alleges to have against Company.

[35-2 ¶11; 35-3 ¶11].(emphasis added)

"[A] forum selection clause which provides for venue in a specific county permits venue in either federal or state court where a federal courthouse is located in that county[.]"  *ASAP Auto Grp., LLC v. Marina Dodge, Inc.*, 3 F. Supp. 3d 573, 576 (S.D. Miss. 2014) (citing *Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008)).  Here, the clause mandates: "venue shall only be proper in Harrison County, Mississippi."  [35-2 ¶11; 35-3 ¶11].  Therefore, the forum selection clause would permit venue in any state or federal court located in Harrison County, Mississippi.  *See ASAP Auto Grp.  LLC*, F. Supp. 3d at 576 (citing *Alliance Health Grp. LLC*, 553 F.3d at 400).

However, turning to the matter of whether waiver of any objection to the chosen venue precludes removal, the Fifth Circuit in *Waters* held that, where there is a forum selection clause that "waives any objection" a party may have to the

"venue of any such suit" or action, the party unequivocally waives the right to removal for a defendant.  The clause in *Waters* stated:

> Company consents with respect to any action, suit or other legal proceeding pertaining directly to this Agreement or to the interpretation of or enforcement of any Employee's rights hereunder, to service of process in the State of Texas . . . . Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the courts of such state or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action, or legal proceeding and (iii) ***waives any objection it may have to the laying of venue of any such suit, action or legal proceeding in any of such courts.***

*Id.* at 797 (emphasis added),  The court reasoned that that "[a] successful removal by defendant . . . would revoke plaintiff's choice to have his case heard [in state court] . . . . The court is not free to relieve [defendant] of its contractual waiver of jurisdiction and venue in [state court]." *Id.* at 798.

Pursuant to the mutual forum selection clause in the Independent Contractor Agreement Plaintiffs were free to choose venue in either the state or federal court in Harrison County, Mississippi.  The parties essentially contracted to create a first-mover advantage through their mutual agreement to waive objections to personal jurisdiction and venue.[1]

---

[1]Some courts distinguish *Waters* where the forum selection clause pertains to a mutual clause rather than a unilateral forum selection clause.  *See Dual Trucking, Inc. v. JC Instride, Inc.,* No. 13–cv–2523, 2013 WL 3818357, at *3–4 (E.D. La. July 22, 2013) (finding that a mutual forum selection clause does not "give one particular party the right to choose the forum" and that the "clause does not evince a clear and unequivocal waiver" (citation omitted)); *Spenlinhauer v. R.R. Donnelly & Sons Co.,* 534 F. Supp. 2d 162, 163 (D. Maine 2008); *Equity Staffing Grp. Inc. v. RTL Networks, Inc.,* No. 13–cv–3510, 2014 WL 2566316, at *4–5 (D. Colo. June 6, 2014) (same).  The majority of courts reject the "distinction between unilateral and mutual forum-selection clauses" because such a clause requires "*both* parties to waive jurisdiction and venue objections bars [sic] removing a suit filed in state

**CONCLUSION**

Pursuant to the Independent Contractor Agreement, the party initiating the litigation had the ability to choose the forum court—state or federal—so long as the court resided in Harrison County, Mississippi.  The responding party consented "to personal jurisdiction and venue solely within these forums"  and agreed to waive "all possible objections" to the chosen forum.  Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC and Primary Pharmaceuticals, Inc., had the contractual right to choose the forum in Harrison County, Mississippi.  Under the forum selection clause the Defendants TAG Preservations Specialists, Corp. and Ryan Wolf, LLC, waived the right to object to the venue or to join in the removal.  Therefore, the Rule of Unanimity prohibits removal of this entire action, as Defendants cannot unanimously consent to removal.

Finally, Plaintiffs seek an award of attorney fees and costs under 28 U.S.C. § 1447(c). That section authorizes the court to "require payment of just costs and any actual expenses, including attorney fees incurred as a result of removal."  The Supreme Court has clarified that "[a]bsent unusual circumstances, courts may

court." *Whitaker v. Vista Staffing Sols., Inc.*, No. H–17–0876, 2017 WL 2983040, at *2 (S.D. Tex. July 11, 2017) (citing *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1081–82 (8th Cir. 2005) (per curiam) (citing *Waters*, 252 F.3d at 797–98); *AdvanceMe, Inc. v. Le Magnifique, LLC*, No. 1:13–CV–02175–RWS, 2014 WL 61526, at *5 (N.D. Ga. Jan. 8, 2014) (citing *Waters*, 252 F.3d at 797–98; *Country Creek Farms, LLC v. Fleischer's Bagels, Inc.*, No. 11–5028, 2011 WL 1258139, at *2 (W.D. Ark. Mar. 31, 2011) (citing *iNet*, 394 F.3d at 1082); *Citimortgage, Inc. v. Loan Link Fin. Servs.*, No. 4.07CV1989SNL, 2008 WL 695392, at *2–3 (E.D. Mo. Mar. 12, 2008) (citing *iNet*, 394 F.3d at 1081); *Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC*, No. 6:07–CV–1113–Orl–31DAB, 2007 WL 2330915, at *4 (M.D. Fla. Aug. 13, 2007) (citing *Waters*, 252 F.3d at 797–98)).

award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  Given the circumstances of conflicting caselaw the Court is of the opinion that Defendants had an objectively reasonable basis for seeking removal. The motion for fees and costs is denied. *See Miranti v. Lee,* 3 F.3d 925, 929 (5th Cir.1993) (holding that attorney fees and costs "should be awarded only if it was improper for the defendant to remove").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [35] Motion to Remand filed by Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC, and Primary Pharmaceuticals, Inc., is **GRANTED** to the extent that the above styled and numbered case should be and is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI**.  The [35] Motion is **DENIED** to the extent that Plaintiffs request attorneys' fees.

**IT IS FURTHER ORDERED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 18th day of August, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE