UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

GULF COAST PHARMACEUTICALS                                    PLAINTIFFS
PLUS, LLC et al

VERSUS                                        CIVIL ACTION NO. 1:24-CV-80-LG-RPM

RFT CONSULTING, INC. et al                                     DEFENDANTS

## ORDER GRANTING MOTION TO AMEND CASE CAPTION

Before the Court is the [86] Motion to Amend Case Caption filed by Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC and Primary Pharmaceuticals, Inc.  On December 3, 2025, Plaintiffs filed their First Amended Complaint after being granted leave to do so.  [68].  Because Plaintiffs' First Amended Complaint omitted Defendant Ryan Wolf, LLC from the case caption, Ryan Wolf, LLC was terminated as a defendant by the Clerk of Court.  However, Ryan Wolf, LLC was still identified as a party in the First Amended Complaint.  Additionally, Plaintiffs asserted multiple causes of action against Ryan Wolf, LLC.  The Court also notes that Plaintiffs selected Ryan Wolf, LLC as a defendant when filing their First Amended Complaint.  Therefore, due to this inadvertent omission of Ryan Wolf, LLC in the case caption, Plaintiffs request leave to amend the case caption and have Ryan Wolf, LLC reinstated as a named defendant.  [86].  Defendant Ryan Wolf opposes the motion.  [92].

In light of the fact that the First Amended Complaint identifies Ryan Wolf, LLC as a party and asserts multiple causes of action against it, it is clear the omission of Ryan Wolf, LLC in the case caption was inadvertent.  The Court finds Plaintiffs' citation to one case particularly helpful in deciding this motion.  [97] at 5.  That case provides as follows:

> Pursuant Federal Rule of Civil Procedure 10(a), a complaint must contain "a caption with the court's name, a title, a file number, and a Rule 7(a) designation," and "[t]he title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). Rule 8(e) provides, however, that "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), and "[a]lthough the caption may serve as a guide, courts look to the body of the complaint to determine the parties," *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012) (collecting cases). "[T]he caption is not determinative as to the identity of the parties to the action, the district court's personal jurisdiction over the defendant, or its subject matter jurisdiction over the claims." 5A Fed. Prac. & Proc. Civ. § 1321 (4th ed.) (citations omitted) (collecting cases). An amendment may be made under Rule 15 "to correct technical defects in the caption when that is thought necessary," as a defective caption "is merely a formal error." *Id.*

*Cincinnati Glob. Dedicated No. 2 Ltd. v. 1909 E. Pass. Rd., LLC.*, No. 1:22-CV-41-HSO-BWR, 2022 WL 11337771, at *5 (S.D. Miss. Oct. 19, 2022) (internal footnote omitted). Here, the defective caption is merely a formal error; it is not a fatal defect. *See Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 374–75 (E.D. La. 1979). As such, Plaintiffs' motion is granted.

IT IS THEREFORE ORDERED AND ADJUDGED that the [86] Motion to Amend Case Caption is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to reinstate Ryan Wolf, LLC as a defendant.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant Ryan Wolf, LLC shall file its answer or other responsive pleading to the First Amended Complaint within 21 days of entry of this Order.

SO ORDERED AND ADJUDGED, this the 9th day of March 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

2