**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **GULF COAST PHARMACEUTICALS PLUS, LLC. and PRIMARY PHARMACEUTICALS, INC.** | **PLAINTIFFS** |
| **v.** | **CIVIL ACTION NO. 1:24cv80-LG-RPM** |
| **RFT CONSULTING, INC.; BRANDON REICH; RICHMONT CAPITAL LLC; LBR MANAGEMENT GROUP LLC; TAG PRESERVATION SPECIALISTS, CORPORATION; GONZALO CARRANZA; RYAN WOLF; RYAN WOLF, LLC; WASATCH RX LLC; SAFE CHAIN SOLUTIONS LLC; HUTCHESON HOMECARE PHARMACY, INC.; XYZ PHARMACIES AND SUPPLIERS 1-5; and JOHN AND JANE DOES 1-10** | **DEFENDANTS** |

**ORDER GRANTING [76] MOTION TO DISMISS
FOR LACK OF JURISDICTION**

Defendants Richmont Capital, LLC ("Richmont") and LBR Management

Group, LLC ("LBR Management") filed this [76] Motion to Dismiss for Lack of

Jurisdiction.  Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC ("GCPP") and

Primary Pharmaceuticals, Inc. oppose the motion and argue the Court maintains

personal jurisdiction.  The Court has determined that it lacks personal jurisdiction

over Richmont and LBR Management.[1]

---

[1] In making this determination, the Court did not rely on the alleged new arguments Richmont and LBR Management made in their [88] Reply in Support. *See* Pls.' Mot. [96] (arguing these defendants improperly raised arguments for the first time in the [88] Reply).

## BACKGROUND

Plaintiffs are distributors of specialty pharmaceuticals and connect pharmaceutical wholesalers with point-of-sale contacts.  Plaintiffs relied on sales representatives to locate customers, and then Plaintiffs relied on certain buyers to purchase the products and distribute them to customers.  These buyers included Defendants Brandon Reich, RFT Consulting, Inc., Gonzalo Carranza, Tag Preservation Specialists Corporation, Ryan Wolf, and Ryan Wolf LLC (collectively "Buyers").  Plaintiffs' sales representatives received product requests, or offered such products, to customers, and Buyers received this information.

Plaintiffs' agreements with various pharmacies and vendors ("Suppliers") throughout the country granted Plaintiffs access to the Suppliers' distributor accounts.  The Buyers could purchase products from the Suppliers' accounts— paying for the cost of the goods (plus a profit for the Suppliers)—and then Plaintiffs would sell the products to customers at a significant profit.  The Buyers received commissions based off a percentage of the price of the products purchased for sale to Plaintiffs' customers.

Plaintiffs allege Buyers developed a scheme to embezzle and defraud Plaintiffs.  The Buyers paid Suppliers above the agreed-upon profit percentages for products, and so the Buyers received inflated commissions, which resulted in higher costs and diminished profits for Plaintiffs.  Further, the Buyers received kickbacks

from the Suppliers for the over-payments.[2]  Plaintiffs estimate they suffered losses exceeding $8,000,000.00 because of these schemes.

Plaintiffs allege that Reich, owner of Richmont and LBR Management, used these entities to transfer the illegal kickbacks and/or profits he made from participating in the Buyers' scheme and conspiracy.  Plaintiffs allege that Reich, Richmont, and LBR Management conspired to misappropriate GCPP's profits, and Reich sheltered these funds through Richmont and LBR Management.  Plaintiffs allege these actions occurred in Mississippi and caused financial harm to Plaintiffs in Mississippi.

In Plaintiffs' [68] First Amended Complaint, they raise civil conspiracy claims against Richmont and LBR Management in Count XII.  Plaintiffs also raise a claim under the Mississippi Uniform Fraudulent Transfer Act ("UFTA"), Miss. Code Ann. §§ 15-3-101, et seq. against these defendants in Count XVIII.  Finally in Count XVI, Plaintiffs seek equitable accounting for the payments and distributions from, or by, Richmont and LBR Management.

Richmont and LBR Management argue that the Court lacks personal jurisdiction because Plaintiffs fail to satisfy the Mississippi long-arm statute and the U.S. Constitution's Due Process Clause.

---

[2] Plaintiffs provide further details for the Buyers' alleged processes for the embezzlement and defrauding schemes, *see* 1st Am. Compl. [68] at 6–10; the Court restricts its recitation of alleged facts to those necessary to resolve the [76] Motion.

## DISCUSSION

Richmont and LBR Management moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "The plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *see Diece-Lisa Indus. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019). There is no preponderance of the evidence requirement. *Gatte v. Dohm*, 574 F. App'x 327, 330 (5th Cir. 2014) (citation omitted). "[R]elevant factual disputes will be resolved in plaintiffs' favor[,]" *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citation omitted), and the Court may consider the entire record when considering a motion to dismiss for lack of personal jurisdiction, *see Revell*, 317 F.3d at 469. "Nevertheless, the court is not required to credit conclusory allegations even if they are uncontroverted." *Bar Grp. LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp. 3d 524, 535 (S.D. Tex. 2017) (citation omitted).

"A federal court sitting in diversity in [Mississippi] may exercise personal jurisdiction over a foreign defendant if permitted by (1) the [Mississippi] long-arm statute, and (2) the due process clause of the Fourteenth Amendment." *Diece-Lisa Indus.*, 943 F.3d at 249. Because "[t]he Mississippi long-arm statute is not coextensive with federal due process," the Court must analyze "the scope of the reach of the statute itself." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) (citation omitted).

## I.  MISSISSIPPI'S LONG-ARM STATUTE

The Court looks to the Mississippi long-arm statute, which provides:

> Any nonresident . . . foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, . . . who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.  "The Mississippi Supreme Court has observed that the long-arm statute only applies when there is a nonresident corporation that is not a corporation qualified to do business in this state that falls under the contract, tort, or 'doing business' prong of the statute."  *Etienne v. Wartsila N. Am., Inc.*, 667 F. Supp. 3d 235, 242 (S.D. Miss. 2023) (alteration original) (quoting *Est. of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1138 (Miss. 2008)).  The parties dispute whether the alleged acts fall under the tort prong of the statute.

Plaintiffs allege that the tort prong subjects Richmont and LBR Management to the Mississippi long-arm statute.  Mississippi "does not require that the action giving rise to the tort actually occurs in Mississippi in order for a tort to be committed in the state."  *Yatham v. Young*, 912 So. 2d 467, 470 (Miss. 2005) (citation modified).  Thus, "if any of the elements of the tort—or any part of an element—takes place in Mississippi[,]" then the Mississippi long-arm statute applies.  *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) (citation omitted).  Even the tort's injury triggers the long-arm statute "because an injury is necessary to complete a tort."  *Yatham*, 912 So. 2d at 470.

Plaintiffs allege the tort of civil conspiracy against Richmont and LBR Management in Count XII.  "The elements of a civil conspiracy are: (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result."  *Alston v. Miss. Dep't of Emp. Sec.*, 300 So. 3d 543, 547 (Miss. Ct. App. 2020) (citation modified).  "A civil conspiracy claim cannot stand alone but must be based on an underlying tort."  *Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822 (N.D. Miss. 2011) (citation modified).  "A corporate entity is considered a 'person' for purposes of the first element."  *Loshelder v. Allstate Prop. & Cas.*, 820 F. Supp. 3d 440, 446 (S.D. Miss. 2026) (citation omitted).  "Damages are the essence of a civil conspiracy."  *Rex Distrib. Co. v. Anheuser-busch, LLC*, 271 So. 3d 445, 455 (Miss. 2019) (citation modified).

Plaintiffs allege that Reich, owner of Richmont and LBR Management, used these entities to transfer the illegal kickbacks and/or profits he made from participating in the Buyers' scheme and conspiracy.  Plaintiffs allege that Reich, Richmont, and LBR Management conspired to misappropriate GCPP's profits, and Reich sheltered these funds through Richmont and LBR Management.  Plaintiffs allege these actions occurred in Mississippi and caused financial harm to Plaintiffs in Mississippi.  The Court will assume for purposes of this [76] Motion that such allegations constitute an injury in Mississippi and therefore satisfy the long-arm

statute's tort prong.  The Court now considers these allegations in light of the Constitution's Due Process Clause.

## II.  DUE PROCESS

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."  *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citation omitted).  "Federal due process is satisfied if two requirements are met: (1) the non-resident purposely availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."  *Diece-Lisa Indus.*, 943 F.3d at 249–50 (citation modified); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The nonresident defendant should have sufficient contacts with the forum state, such that it "reasonably anticipate[s] being hauled into court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The minimum contact analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  *Walden*, 571 U.S. at 285.  This analysis focuses on Richmont's and LBR Management's relationship with Mississippi, and the burden is on Plaintiffs to demonstrate that they have minimum contacts with Mississippi.  *See Fielding*, 415 F.3d at 424.  A defendant's ties to Mississippi, "must be ties that the defendant [itself] purposefully forged."  *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021) (citation modified).  The analysis is "fact-intensive and no single

contact is decisive[.]" *Bar Grp. LLC*, 215 F. Supp. 3d at 537 (citations omitted). These minimum contacts "may give rise to either general or specific jurisdiction." *Diece-Lisa Indus.*, 943 F.3d at 250.

These parties contest whether the Court has specific personal jurisdiction. The Fifth Circuit applies a three-step test to determine specific personal jurisdiction: "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). "If a plaintiff establishes the first two prongs, the burden shifts to the defendant to show that the exercise of personal jurisdiction would be unfair or unreasonable." *E. Concrete Materials, Inc. v. ACE Am. Ins.*, 948 F.3d 289, 296 (5th Cir. 2020). Plaintiffs argue the Court has specific jurisdiction because Richmont's and LBR Management's alleged conspiratorial and tortious actions "were expressly aimed at Plaintiffs and the pharmaceutical business that they had established in Mississippi." Pls.' Resp. [85] at 8. Plaintiffs rely on the Supreme Court's *Calder v. Jones*, 465 U.S. 783, 789 (1984), for the proposition that "intentional, and allegedly tortious, actions . . . expressly aimed at" the forum state satisfies the minimum contact standard.[3]

---

[3] The Fifth Circuit places *Calder* in context: "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Danziger & De Llano, L.L.P. v. Morgan Verkamp, L.L.C.*, 24 F.4th 491, 496–97 (5th Cir. 2022) (citation modified).

Plaintiffs "appear to believe that their civil conspiracy claim is enough to establish personal jurisdiction over [Richmont and LBR Management].  There is no authority from [the Fifth Circuit] supporting [this] belief."  *See Chow v. United States*, No. 20-30503, 2021 WL 3438365, at *2 (5th Cir. Aug. 5, 2021).  The Fifth Circuit has "implicitly recognized that personal jurisdiction over one defendant conspirator is not sufficient to establish personal jurisdiction over a nonresident coconspirator."  *Id.* (citing *Thomas v. Kadish*, 748 F.2d 276, 282 (5th Cir. 1984)).  Personal jurisdiction rests on a defendant's individual contacts "and not as part of the conspiracy."  *Delta Brands, Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004); *see also Bar Grp., LLC*, 215 F. Supp. 3d at 539 ("Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as part of a conspiracy, purposely established minimum contacts with [Mississippi] that would satisfy due process.").  In essence, Plaintiffs must show that the alleged conspiracy is "related to or arose out of [Richmont's and LBR Management's] contacts with [Mississippi]."  *See Delta Brands Inc.*, 99. F. App'x at 6; *see also Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 442 (5th Cir. 2025) ("[E]ach defendant's contacts with the forum state must be assessed individually . . . , [so] plaintiffs may not aggregate defendants' forum contacts and may not establish personal jurisdiction without specifying who did what.").

Thus, the Court must consider whether Plaintiffs presented allegations that Richmont and LBR Management purposefully directed their actions at Mississippi

and whether the conspiracy claim relates to or arises out of these contacts.  The allegations are that Richmont and LBR Management received Reich's illegal kickbacks and/or profits he made from participating in the Buyers' scheme and conspiracy.  Plaintiffs allege that Reich, Richmont, and LBR Management conspired to misappropriate GCPP's profits, and Reich sheltered these funds through Richmont and LBR Management.  Plaintiffs allege these actions occurred in Mississippi and caused financial harm to Plaintiffs in Mississippi.

Critically, Plaintiffs do not show that Richmont and LBR Management purposefully directed their actions at Mississippi.  *See Delta Brands Inc.*, 99 F. App'x at 7.  Plaintiffs have not, "for example, alleged that [these defendants' conspiracy] arose out of contacts initiated by [them][.]"  *See id.*  Nor have Plaintiffs "alleged that [these defendants' torts] occurred in telephone calls, emails, or faxes . . . in [Mississippi]."  *See id.* at 7–8 (citation omitted); *see also Danziger & De Llano*, 24 F.4th at 497 (Defendant who "never traveled to, conducted activities within, contacted anyone in, or sent anything or anyone to [forum state]" does not have minimum contacts. (citation modified)).  Plaintiffs' allegation that Richmont's and LBR Management's actions "occurred in Mississippi," 1st Am. Compl. [68] at 11, are conclusory absent additional context, so the Court need not accept them, *see Bar Grp. LLC*, 215 F. Supp. 3d at 535.

As alleged, the Court finds Plaintiffs did not present allegations of the minimum contacts necessary for specific personal jurisdiction.  Therefore, Plaintiffs failed to present a prima facie case of the Court's specific personal jurisdiction over

-11-

Richmont and LBR Management.  The Court dismisses Richmont and LBR Management without prejudice for lack of personal jurisdiction.

## CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Richmont Capital, LLC and LBR Management Group, LLC's [76] Motion to Dismiss for Lack of Jurisdiction is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs Gulf Coast Pharmaceuticals Plus LLC and Primary Pharmaceuticals, Inc.'s [96] Motion to Strike be **DENIED** as **MOOT**.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE