**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GULF COAST PHARMACEUTICALS PLUS, LLC and PRIMARY PHARMACEUTICALS, INC.** — **PLAINTIFFS**

**v.** — **CIVIL ACTION NO. 1:24cv80-LG-RPM**

**RFT CONSULTING, INC.; BRANDON REICH; TAG PRESERVATION SPECIALISTS, CORPORATION; GONZALO CARRANZA; RYAN WOLF; WASATCH RX LLC; SAFE CHAIN SOLUTIONS LLC; HUTCHESON HOMECARE PHARMACY, INC.; XYZ PHARMACIES AND SUPPLIERS 1-5; and JOHN AND JANE DOES 1-10** — **DEFENDANTS**

# ORDER GRANTING [78] MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant Hucheson Homecare Pharmacy, Inc. ("Hutcheson"), filed a [78] Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim. Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC ("GCPP") and Primary Pharmaceuticals, Inc. ("Primary") oppose the motion and argue that the Court maintains personal jurisdiction. The Court concludes it lacks personal jurisdiction over Hutcheson because Hutcheson does not have minimum contacts with Mississippi.

## BACKGROUND

Plaintiffs are distributors of specialty pharmaceuticals and connect pharmaceutical wholesalers with point-of-sale contacts. Plaintiffs relied on sales representatives to locate customers, and then Plaintiffs relied on certain buyers to

purchase the products and distribute them to customers. These buyers included Defendants Brandon Reich, RFT Consulting, Inc., Gonzalo Carranza, Tag Preservation Specialists Corporation, Ryan Wolf, and Ryan Wolf LLC (collectively "Buyers"). Plaintiffs' sales representatives received product requests, or offered such products, to customers, and Buyers received this information.

Plaintiffs' agreements with various pharmacies and vendors ("Suppliers") throughout the country granted Plaintiffs access to the Suppliers' distributor accounts. The Buyers could purchase products from the Suppliers' accounts—paying for the cost of the goods (plus a profit for the Suppliers)—and then Plaintiffs would sell the products to customers at a significant profit. The Buyers received commissions based on a percentage of the price of the products purchased for sale to Plaintiffs' customers.

Plaintiffs allege Buyers developed a scheme to embezzle and defraud Plaintiffs. The Buyers paid Suppliers above the agreed-upon profit percentages for products, and so the Buyers received inflated commissions, which resulted in higher costs and diminished profits for Plaintiffs. Further, the Buyers received kickbacks from the Suppliers for the overpayments.[1] Plaintiffs estimate they suffered losses exceeding $8,000,000.00 because of these schemes.

Plaintiffs allege Hutcheson, an Ohio corporation, used Ryan Wolf (a Buyer and a resident of Florida) for the purpose of unlawfully stealing trade secrets and

[1] Plaintiffs provide further details for the Buyers' alleged processes for the embezzlement and defrauding schemes, *see* 1st Am. Compl. [68] at 6–10; the Court restricts its recitation of alleged facts to those necessary to resolve the [78] Motion.

confidential information from Plaintiffs. Plaintiffs allege that Wolf was an agent of GCPP and/or Primary, and he owed fiduciary duties and a duty of loyalty to Plaintiffs.

Plaintiffs allege that Wolf violated a non-compete agreement with GCPP by joining Hutcheson, and Hutcheson intentionally solicited Wolf despite knowing about the non-compete agreement. Wolf allegedly shared Plaintiffs' confidential and sensitive information with Hutcheson. Plaintiffs allege that Hutcheson pirated (through Wolf) this confidential and sensitive information to make profits at Plaintiffs' expense, to interfere with Plaintiffs' business, and to divert and steal Plaintiffs' customers and suppliers.

In Plaintiffs' [68] First Amended Complaint, they raise a civil conspiracy claim against Hutcheson in Count X. Plaintiffs seek equitable accounting for the payments and distributions from Hutcheson in Count XVI. Hutcheson argues the Court lacks personal jurisdiction over it because Plaintiffs fail to satisfy the Mississippi long-arm statute and the U.S. Constitution's Due Process Clause. In the alternative, Hutcheson argues Plaintiffs failed to state a claim, warranting dismissal under Rule 12(b)(6).

**DISCUSSION**

Hutcheson moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "The plaintiff bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002); *see Diece-Lisa Indus. v. Disney Enters., Inc.*, 943 F.3d 239,

249 (5th Cir. 2019). There is no preponderance of the evidence requirement. *Gatte v. Dohm*, 574 F. App'x 327, 330 (5th Cir. 2014) (citation omitted). "Establishing a *prima facie* case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001).

"Relevant factual disputes will be resolved in plaintiffs' favor," *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir. 2005) (citation modified), and the Court may consider the entire record when considering a motion to dismiss for lack of personal jurisdiction, *see Revell*, 317 F.3d at 469; *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). "Nevertheless, the court is not required to credit conclusory allegations even if they are uncontroverted." *Bar Grp. LLC v. Bus. Intel. Advisors, Inc.*, 215 F. Supp. 3d 524, 535 (S.D. Tex. 2017) (citation omitted). "The allegations of the complaint are taken as true to the extent they are not contradicted by affidavits." *Alexander v. Global Tel Link Corp.*, No. 3:17cv560-LG-RHW, 2018 WL 8997440, at *3 (S.D. Miss. May 14, 2018) (citation modified).

"A federal court sitting in diversity in [Mississippi] may exercise personal jurisdiction over a foreign defendant if permitted by (1) the [Mississippi] long-arm statute, and (2) the due process clause of the Fourteenth Amendment." *Diece-Lisa Indus.*, 943 F.3d at 249 (citation omitted). Because "[t]he Mississippi long-arm statute is not coextensive with federal due process," the Court must analyze "the

scope of the reach of the statute itself." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) (citation omitted).

## I. MISSISSIPPI'S LONG-ARM STATUTE

The Court looks to the Mississippi long-arm statute, which provides:

> Any nonresident . . . foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, . . . or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. "The Mississippi Supreme Court has observed that the long-arm statute only applies when there is a 'nonresident corporation . . . [that] is not a corporation qualified to do business in this state' that falls under the contract, tort, or 'doing business' prong of the statute." *Etienne v. Wartsila N. Am., Inc.*, 667 F. Supp. 3d 235, 242 (S.D. Miss. 2023) (alteration original) (quoting *Est. of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1138 (Miss. 2008)).

Plaintiffs allege that the "doing business" and tort prongs subject Hutcheson to the Mississippi long-arm statute. Hutcheson argues that it does not do business in Mississippi but is merely licensed in Mississippi. Hutcheson states "approximately 0.002% . . . of Hutcheson's sales of pharmaceutical products are to companies in Mississippi." Def.'s Mem. [79] at 8. The Court will assume for purposes of this [78] Motion that such allegations satisfy the "doing business" prong of the Mississippi long-arm statute. The Court now considers these allegations in light of the Constitution's Due Process Clause.

## II. DUE PROCESS

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citation omitted). "Federal due process is satisfied if two requirements are met: (1) the non-resident purposely availed [itself] of the benefits and protections of the forum state by establishing minimum contacts with the state; and (2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Diece-Lisa Indus.*, 943 F.3d at 249–50 (citation modified); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The nonresident defendant should have sufficient contacts with the forum state, such that it "reasonably anticipate[s] being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The minimum contact analysis focuses on "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. This analysis focuses on Hutcheson's relationship with Mississippi, and the burden is on Plaintiffs to demonstrate that it has minimum contacts with Mississippi. *See Fielding*, 415 F.3d at 424. A defendant's ties to Mississippi, "must be ties that the defendant [itself] purposefully forged." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021) (citation modified). The analysis is "fact-intensive and no single contact is decisive[.]" *Bar Grp. LLC*, 215 F. Supp. 3d at 537 (citations omitted). These minimum contacts "may give rise to either general or specific jurisdiction." *Diece-Lisa Indus.*, 943 F.3d at 250.

These parties contest whether the Court has specific personal jurisdiction. The Fifth Circuit applies a three-step test to determine specific personal jurisdiction: "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012). "If a plaintiff establishes the first two prongs, the burden shifts to the defendant to show that the exercise of personal jurisdiction would be unfair or unreasonable." *E. Concrete Materials, Inc. v. ACE Am. Ins.*, 948 F.3d 289, 296 (5th Cir. 2020). Plaintiffs argue that Hutcheson's sales and commission of a tort create specific jurisdiction.

**A. Sales in Mississippi**

Plaintiffs argue that Hutcheson's .002% of sales in Mississippi constitute sufficient minimum contacts. For minimum contacts to exist, a defendant's actions must specifically and purposefully target the forum state; contacts that are "random, fortuitous, or attenuated" are not sufficient. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 228 (5th Cir. 2012) (citation modified). "A corporation's sales to forum residents must be more than isolated occurrences for the assertion of jurisdiction to satisfy the requirements of due process." *Id.* (citation modified). Minimum contacts generally do not exist where the defendant "has no offices or sales agents in [the forum state] and solicits no business [in the forum state] through advertising targeted specifically to" the forum state. *Id.* Hutcheson owns no offices, nor real or personal property, in Mississippi. The Court determines

that Plaintiffs do not show Hutcheson's sales go beyond "isolated occurrences" in Mississippi. *See id.*

Moreover, "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 264 (2017) (citation modified). Sales of products to Mississippi to a "third party, standing alone, is an insufficient basis for jurisdiction." *See id.* at 265. "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *See id.* The specific claims at issue, Count X's civil conspiracy and Count XVI's equitable accounting, surround a conspiracy to take Plaintiffs' confidential information for pharmaceutical products. Plaintiffs do not connect these claims to Hutcheson's sparse .002% of sales in Mississippi apart from a conclusory argument that because both companies sell pharmaceutical products, these sales must relate to the claims. *See id.* at 264–66 (conduct gives rise to the claims); *ITL Int'l, Inc.*, 669 F.3d at 498 (requiring a "nexus" between contacts and the claims).

**B. COMMISSION OF TORT**

Plaintiffs alternatively argue that Hutcheson's commission of a tort inside Mississippi, and the resulting injury occurring within Mississippi, amounts to a purposeful contact. Plaintiffs rely on *Calder v. Jones*, 465 U.S. 783 (1984). The Fifth Circuit uses the "effects test" from *Calder* "to torts outside the libel context." *McFadin v. Gerber*, 587 F.3d 753, 762 (5th Cir. 2009). But "foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts

toward the forum." *Id.* (citation modified). The Fifth Circuit has "expressly declined to allow jurisdiction for even an intentional tort where the only jurisdictional basis is the alleged harm to a [forum state's] resident." *Montcreif Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007).

Plaintiffs allege that Hutcheson conspired with Wolf, an agent of GCPP, to steal and misappropriate trade secrets, confidential information, and profits. All of the acts that allegedly occurred in Mississippi are attributed to Wolf, not Hutcheson. Plaintiffs "appear to believe that their civil conspiracy claim is enough to establish personal jurisdiction over [Hutcheson]. There is no authority from [the Fifth Circuit] supporting [this] belief." *See Chow v. United States*, No. 20-30503, 2021 WL 3438365, at *2 (5th Cir. Aug. 5, 2021). The Fifth Circuit has "implicitly recognized that personal jurisdiction over one defendant conspirator is not sufficient to establish personal jurisdiction over a nonresident coconspirator." *Id.* (citing *Thomas v. Kadish*, 748 F.2d 276, 282 (5th Cir. 1984)). Personal jurisdiction rests on a defendant's individual contacts "and not as part of the conspiracy." *Delta Brands, Inc. v. Danieli Corp.*, 99 F. App'x 1, 6 (5th Cir. 2004) (citation modified); *see also Bar Grp., LLC*, 215 F. Supp. 3d at 539 ("Allegations of conspiracy will not establish a prima facie case of personal jurisdiction; a plaintiff must show that each defendant individually, and not as part of a conspiracy, purposely established minimum contacts with [Mississippi] that would satisfy due process."). In essence, Plaintiffs must show that the alleged conspiracy is "related to or arose out of [*Hutcheson's*] *contacts* with [Mississippi]." *See Delta Brands Inc.*, 99. F. App'x at 6 (emphasis

added); *see also Pearson v. Shriners Hosps. for Child., Inc.*, 133 F.4th 433, 442 (5th Cir. 2025) (citation modified) ("Each defendant's contacts with the forum state must be assessed individually, [so] plaintiffs may not aggregate defendants' forum contacts and may not establish personal jurisdiction without specifying who did what."). Plaintiffs do not explain what Hutcheson did in Mississippi, as part of this alleged conspiracy, that gives rise to minimum contacts. Plaintiffs failed to meet the burden for personal jurisdiction. Therefore, the Court lacks personal jurisdiction over Hutcheson.

## CONCLUSION

Because the Court lacks personal jurisdiction over Hutcheson, it will not address its alternative argument regarding failure to state a claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Hucheson Homecare Pharmacy, Inc.'s [78] Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim is hereby **GRANTED**. Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC and Primary Pharmaceuticals, Inc.'s claims against Hutcheson are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2026.

s/ Louis Guirola, Jr.

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE