**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**GULF COAST PHARMACEUTICALS PLUS, LLC and PRIMARY PHARMACEUTICALS, INC.** — **PLAINTIFFS**

**v.** — **CIVIL ACTION NO. 1:24cv80-LG-RPM**

**RFT CONSULTING, INC.; BRANDON REICH; TAG PRESERVATION SPECIALISTS, CORPORATION; GONZALO CARRANZA; RYAN WOLF; WASATCH RX LLC; SAFE CHAIN SOLUTIONS LLC; XYZ PHARMACIES AND SUPPLIERS 1-5; and JOHN AND JANE DOES 1-10** — **DEFENDANTS**

# ORDER GRANTING [72] MOTION TO DISMISS

Defendants Ryan Wolf and Ryan Wolf LLC seek dismissal from the [68] Amended Complaint. Plaintiffs Gulf Coast Pharmaceuticals Plus, LLC and Primary Pharmaceuticals, Inc. (collectively "Plaintiffs") oppose the [72] Motion to Dismiss because they maintain these defendants are liable for fraud. The Court finds that all claims against these defendants should be dismissed without prejudice because Plaintiffs engaged in shotgun pleading and failed to meet the heightened pleading standard for fraud.

## BACKGROUND

Plaintiffs are distributors of specialty pharmaceuticals and connect pharmaceutical wholesalers with point-of-sale contacts. Plaintiffs relied on sales representatives to locate customers, and then Plaintiffs relied on certain buyers to

purchase the products and distribute them to customers. These buyers included Defendants Brandon Reich, RFT Consulting, Inc., Gonzalo Carranza, Tag Preservation Specialists Corporation, Ryan Wolf, and Ryan Wolf LLC (collectively "Buyers"). Plaintiffs' sales representatives received product requests, or offered such products, to customers, and Buyers received this information.

Plaintiffs' agreements with various pharmacies and vendors ("Suppliers") throughout the country granted Plaintiffs access to the Suppliers' distributor accounts. The Buyers could purchase products from the Suppliers' accounts—paying for the cost of the goods (plus a profit for the Suppliers)—and then Plaintiffs would sell the products to customers at a significant profit. The Buyers received commissions based on a percentage of the price of the products purchased for sale to Plaintiffs' customers.

Plaintiffs allege Buyers developed a scheme to embezzle and defraud Plaintiffs. The Buyers paid Suppliers above the agreed-upon profit percentages for products, and so the Buyers received inflated commissions, which resulted in higher costs and diminished profits for Plaintiffs. Further, the Buyers received kickbacks from the Suppliers for the overpayments. Plaintiffs estimate they suffered losses exceeding $8,000,000.00 because of these schemes.

Plaintiffs allege that Wolf individually conspired with Defendant Hutcheson Homecare Pharmacy, Inc. ("Hutcheson"). Hutcheson allegedly used Wolf for the purpose of unlawfully stealing trade secrets and confidential information from Plaintiffs. Plaintiffs allege that Wolf was an agent of GCPP and/or Primary, and he

owed fiduciary duties and a duty of loyalty to Plaintiffs. Plaintiffs allege that Wolf violated a non-compete agreement with GCPP by joining Hutcheson, and Hutcheson intentionally solicited Wolf despite knowing about the non-compete agreement. Wolf allegedly shared Plaintiffs' confidential and sensitive information with Hutcheson. Plaintiffs allege that Hutcheson pirated (through Wolf) this confidential and sensitive information to make profits at Plaintiffs' expense, to interfere with Plaintiffs' business, and to divert and steal Plaintiffs' customers and suppliers.

In their [68] Amended Complaint, Plaintiffs raise the following claims against Wolf and Ryan Wolf LLC: Count I, Breach of Fiduciary Duty; Count II, Breach of Loyalty; Count III, Breach of Contract; Count IV, Tortious Breach of Contract; Count V, Breach of Implied Duty of Good Faith and Fair Dealing; Count VI, Fraudulent Inducement; Count VII, Negligence and Gross Negligence; Count VIII, Civil Conspiracy; Count IX, Civil Conspiracy; Count X, Civil Conspiracy (Ryan Wolf only); Count XIII, Embezzlement; Count XIV, Unjust Enrichment; Count XV, Tortious Interference with Business Relations; Count XVI, Equitable Accounting; and Count XVII, Equitable Estoppel/Waiver.

The defendants filed their [72] Motion to Dismiss, and their chief arguments are Plaintiffs engage in shotgun pleading and Plaintiffs fail to meet Rule 9(b)'s heightened pleading standard for fraud.[1] Plaintiffs filed their [82] Response in

---

[1] The Court notes that the defendants contest whether the [68] Amended Complaint properly added Ryan Wolf, LLC as a party defendant. Because the Court dismisses all potential claims against Ryan Wolf, LLC, the Court deems the issue moot.

Opposition. Both parties have briefed the issues. Thus, the issues are ripe for the Court's review.

**DISCUSSION**

The defendants ask for dismissal for Plaintiffs' failure to comply with Federal Rules of Civil Procedure 8(a), 9(b), 10(b), 12(e), and 12(b)(6).[2] A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Ultimately, a complaint must nudge Plaintiffs' claims "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. "[T]he factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). While courts accept all facts as true in the light most favorable to the plaintiff, courts do not have to accept legal conclusions presented as factual

[2] The Court has conducted an independent analysis of its jurisdiction and determines that it maintains subject matter jurisdiction over the case. *See Riley v. Bondi*, 606 U.S. 259, 273 (2025).

[3] Plaintiffs contend that the pleading standard allows dismissal only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *See* Pls.' Mem. [83] at 2 (quoting *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995)). This pleading standard comes from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which was abrogated by the oft-cited *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

allegations. *See id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

## I. SHOTGUN PLEADINGS

"Vague, imprecise shotgun pleadings cloud the legal and factual issues in a case and are subject to dismissal under Rule 12(b)(6)." *Crihfield v. Bellsouth Telecomms., LLC*, 1:24-cv-377-HSO-BWR, 2025 WL 875806, at *4 (S.D. Miss. Mar. 20, 2025) (citation modified). The Court has repeatedly cautioned litigants of the pitfalls associated with "shotgun pleadings". Shotgun pleadings may appear in various forms.[4]

---

[4] *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)(citation modified).

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

A "quintessential shotgun pleading fails to distinguish between the actions of named defendants." *Magee v. Bank of New York Mellon Corp.*, No. 2:23-cv-64-KS-MTP, 2023 WL 4568780, at *2 (S.D. Miss. July 17, 2023) (citation modified). Instead, "they lump all Defendants together and make no differentiation between Defendants as to any action taken with respect to a claim." *Id.* (citation modified). Even where a plaintiff makes a "general allegation that the Defendants 'acted jointly,'" this form of pleading violates Federal Rule of Civil Procedure 8(a)(2). *See id.* (citations modified).

Plaintiffs lump Wolf and Ryan Wolf into the "Buyer" pile without regard to distinguishing what they did as individual entities from the other "Buyers." In contrast to the caselaw Plaintiffs rely on, Plaintiffs did not make specific allegations regarding Wolf or Ryan Wolf LLC that places them on reasonable notice for their particular actions that give rise to liability. *See Crihfield*, 2025 WL 875806, at *4–5 (describing how the plaintiff "differentiates the facts"). For the Counts including both Wolf and Ryan Wolf LLC, they are "vague, imprecise shotgun pleadings." *See id.* at *4 (citation modified).

In contrast, Plaintiffs' civil conspiracy claim filed solely against Wolf explains how Wolf allegedly joined Hutcheson Homecare Pharmacy Inc. in violation of Wolf's agreement with Plaintiffs. *See* Am. Compl. [68] at 10. Additionally, these allegations connect with the allegations referenced in Count X, Civil Conspiracy. *See id.* at 20–21. Thus, all Counts—except Count X—are "quintessential shotgun pleading[s]" and violate Rule 12(b)(6)'s standards, *see Magee*, 2023 WL 4568780, at

*2. The Court dismisses the following shotgun pleadings; Counts I, II, III, IV, V, VI, VII, VIII, IX, XIII, XIV, XV, XVI, and XVII as against these defendants.

## II. RULE 9(b) STANDARD

Defendants ask for dismissal as to Count X because it does not satisfy the Rule 9 heightened pleading standard. Rule 9(b) applies to Count X because it relies in part on alleged fraud. *See* Am. Compl. [68] at 21 (describing alleged conspiracy as an "unlawful and fraudulent scheme"); *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 958 (S.D. Tex. 2010) ("Rule 9(b) applies to state law fraud claims."). "A heightened level of pleading is imposed for fraud claims: in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2009) (citation modified).

Rule 9(b)'s standard "generally demands the complaint identify the 'who, what, when, where, and how' of the allegedly fraudulent content. What constitutes particularity will necessarily differ with the facts of each case. Nonetheless, Rule 9(b) sets a high bar. Finally, Rule 9(b)'s heightened pleading standard applies to conspiracy to commit fraud claims." *Pease v. Sec. & Exch. Comm'n*, 821 F. Supp. 3d 731, 750 (W.D. Tex. 2026) (citation modified). A plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.* ,302 F.3d 552, 564–65 (5th Cir. 2002) (citation modified). While a defendant's "malice, intent, or knowledge may be

averred generally, a plaintiff must still set forth specific facts that support an inference of fraud." *Pease*, 821 F. Supp. 3d at 751 (citation modified).

Plaintiffs' frame the civil conspiracy claim as one only involving "the underlying tort of misappropriation of profits, confidential information, and trade secrets, and such averments are properly measured under the liberal pleading requirements of Rule 8(a)." *See* Pls.' Mem. [83] at 24–25 (citation omitted). The Court finds this argument unpersuasive. Count X clearly describes the civil conspiracy as an "unlawful and fraudulent scheme[.]" *See* Am. Compl. [68] at 21.

Plaintiffs address the other Counts involving fraud, but they did not respond to the defendants' arguments regarding Count X's claim that Wolf fraudulently conspired with Hutcheson. Pls.' Mem. [83] at 22–24 (discussing the "who, what, when, where, how" for Counts involving *both* Wolf and Ryan Wolf LLC). Plaintiffs' failure to contest the defendants' arguments regarding Count X constitutes abandonment. *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."); *see also McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings."). Notwithstanding, the Court finds Plaintiffs' allegations for Count X do not satisfy Rule 9(b)'s heightened pleading standard. Because Plaintiffs abandoned the issue and because the allegations do not satisfy Rule 9(b), the Court dismisses Count X without prejudice.

### III. LEAVE TO AMEND

Plaintiffs request in the alternative to file a second amended complaint. "Court frequently allows parties an opportunity to amend and correct pleading deficiencies after it has addressed a motion under Rule 12(b)(6) or 12(c)." *Magee*, 2023 WL 4568780, at *4 (citations omitted). Some of the claims presented may be cured by amendment. *See id.* Plaintiffs may file a second amended complaint within fourteen (14) days of the entry of this order.

## CONCLUSION

A plaintiff cannot use the shotgun approach to raise claims against several defendants. A claim alleging fraud must satisfy Rule 9. To the extent parties raise alternative arguments, the Court determines that they would not change the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [72] Motion to Dismiss is hereby **GRANTED**. Plaintiffs' claims against Defendants Ryan Wolf and Ryan Wolf LLC are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiffs may file a second amended complaint within fourteen (14) days of the entry of this order.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2026.

s/ Louis Guirola, Jr.

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE